REYNOLDS v. BEAN.

(Supreme Court, Appellate Term, First Department. December 9, 1912.)

ATTACHMENT (§ 108*).—AFFIDAVIT—REQUISITES.

Under Code Civ. Proc. § 3169, providing that an attachment affidavit must show that plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to plaintiff, an affidavit stating that deponent is justly entitled to recover from defendant $5,000 over and above all counterclaims "known to defendant" was fatally defective.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 290, 291; Dec. Dig. § 108.*]

Appeal from City Court of New York, Special Term.

Action by John F. Reynolds against Orestes U. Bean. From an order vacating an attachment, plaintiff appeals. Affirmed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

John T. Little, of New York City (Nathan B. Chadsey, of New York City, of counsel), for appellant.

Gardner, Tyndall & Barton, of New York City (John M. Gardner, of New York City, of counsel), for respondent.

GERARD, J. Section 3169 of the Code provides that, among the things necessary to be shown in order to obtain an attachment, the affidavit must show that the plaintiff is entitled to recover a sum stated therein "over and above all counterclaims known to the plaintiff." In the case at bar the affidavit stated "that deponent is justly entitled to recover from defendant the sum of $5,000 over and above all counterclaims *known to defendant.*"

There are certain cases that hold that where a plaintiff himself makes the affidavit, and swears that there are no counterclaims existing in favor of defendant, it is not necessary to add the words "known to plaintiff," and that the only requirement is that there be proper legal proof that no counterclaim existed. Mallary v. Allen, 7 Civ. Proc. R. 287. But here no such proof is given. The affidavit is fatally defective, and neither the fact that the court may think that plaintiff meant to say "plaintiff," and not "defendant," nor the fact that Waite's Practice, 1912 edition, in giving the form of the affidavit, makes the same mistake, can supply the want of the allegation required by the Code.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes